IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
NORTHERN DIVISION
No. 2:20-CV-51-BO

| | |
|---|---|
| CHRISTY MARIE WOODINGTON, )<br>Plaintiff, )<br>)<br>v. )<br>)<br>KILOLO KIJAKAZI, )<br>*Acting Commissioner of Social Security*, )<br>Defendant. ) | O R D E R |

This cause comes before the Court on motions for judgement on the pleadings [DE 17, 20]. A hearing before the undersigned was held on this matter on February 22, 2022 in Raleigh, North Carolina.[1] For the reasons that follow, plaintiff's motion for judgement on the pleadings is granted. Defendant's motion is denied. The case is remanded for further proceedings.

## BACKGROUND

Plaintiff was considered disabled by the Social Security Administration until July 1, 2017. During that time, plaintiff's mental impairments of alcohol abuse, depression, anxiety, attention deficit hyperactivity disorder (ADHD) prevented her from being able to work on a sustained, regular basis. On July 17, 2017, a state agency Disability Hearing Officer decided that plaintiff was no longer disabled as of July 1, 2017. Plaintiff appeared before an Administrative Law Judge ("ALJ") after this unfavorable reconsideration for a *de novo* hearing on March 18, 2019. On July 2, 2019, the ALJ decided that plaintiff was no longer disabled. This determination became the final decision of the Commissioner of Social Security on May 26, 2020. Plaintiff was 49 years old at the time of the hearing. Plaintiff is 5'7", weighs 133 lbs., and has a high school education.

## DISCUSSION

---

[1] Counsel appeared by video.

Under the Social Security Act, 42 U.S.C. § 405(g), this Court's review of the Commissioner's decision is limited to determining whether the decision, as a whole, is supported by substantial evidence and whether the Commissioner employed the correct legal standard. *Richardson v. Perales,* 402 U.S. 389, 401 (1971). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005) (per curiam) (internal quotation and citation omitted).

An individual is considered disabled if he or she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A). The Act further provides that an individual "shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 1382c(a)(3)(B).

Regulations issued by the Commissioner establish a five-step sequential evaluation process to be followed in a disability case. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The claimant bears the burden of proof at steps one through four, but the burden shifts to the Commissioner at step five. *See Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987). If a decision regarding disability can be made at any step of the process the inquiry ceases. *See* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4).

At step one, if the Social Security Administration determines that the claimant is currently engaged in substantial gainful activity, the claim is denied. If not, then step two asks whether the claimant has a severe impairment or combination of impairments. If the claimant has a severe impairment, it is compared at step three to those in the Listing of Impairments ("Listing") in 20

C.F.R. Part 404, Subpart P, App. 1. If the claimant's impairment meets or medically equals a Listing, disability is conclusively presumed. If not, at step four, the claimant's residual functional capacity (RFC) is assessed to determine if the claimant can perform his past relevant work. If the claimant cannot perform past relevant work, then the burden shifts to the Commissioner at step five to show that the claimant, based on his age, education, work experience, and RFC, can perform other substantial gainful work. If the claimant cannot perform other work, then he is found to be disabled. *See* 20 C.F.R. § 416.920(a)(4).

At step one, the ALJ found that plaintiff had not engaged in substantial gainful activity, as she was considered disabled. At step two, the ALJ found that plaintiff had the following severe impairments: alcohol abuse, depression, anxiety, attention deficit hyperactivity disorder (ADHD), and a spine disorder. These were the same impairments that had disabled plaintiff previously. The ALJ then found at step three that none of these impairments met or equaled a Listing. The ALJ found that medical improvement had occurred on July 1, 2017. The ALJ next evaluated plaintiff's medical improvement and found that, with treatment, plaintiff had reduced her alcohol consumption, been diligent about taking her medication, and had been able to more reliably perform mental tasks associated with work activity, such as focus and attention. The ALJ then determined that plaintiff had the RFC to perform light work with the following limitations: plaintiff must have the option to change positions every 30 minutes without leaving work tasks; occasionally climb, balance, stoop, kneel, and crouch; and crawl. Transcript 19-20. The ALJ found specifically that plaintiff could understand, remember, and carryout simple instructions, tolerate occasional interaction with others, sustain concentration, persistence and pace for simple tasks, but not perform production pace. *Id.* Thus, the ALJ found that plaintiff's disability had ended.

Plaintiff argues that the ALJ's conclusion that plaintiff could do light work is not supported by substantial evidence. Plaintiff asserts that she is not physically able to stand and walk for six

3

hours in a workday. Plaintiff also argues that plaintiff's mental limitations would make it impossible for her to secure light work employment.

The medical evidence on the record shows that plaintiff has a history of chronic low back pain caused by degenerative scoliosis, among other things. This condition was supported by objective findings of limited mobility and range of motion, as well as imaging. Plaintiff consistently reported her symptoms, which limited her ability to sit, stand, walk, lift, and carry both to the ALJ and to treating physicians. The ALJ failed to make a logical bridge between the ALJ's RFC conclusion and the medical evidence. The ALJ found that plaintiff's subjective complaints were not supported by the medical evidence, but the Court, having reviewed the evidence, disagrees. Plaintiff has consistently sought treatment for her back pain, although her symptoms have fluctuated, the overall picture of a chronic condition is clear. The ALJ's ultimate determination lacks a logical bridge from the medical evidence in this case. Accordingly, the decision must be remanded for further proceedings.

## CONCLUSION

Having conducted a full review of the record and decision in this matter, the Court concludes that remand is appropriate. The plaintiff's motion for judgement on the pleadings [DE 17] is GRANTED. The government's motion for judgement on the pleadings [DE 20] is DENIED. This matter is REMANDED to the Commissioner for further proceedings.

SO ORDERED, this __28__ day of February, 2022.

_____
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE